UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERTA BLUMBERG,

    Plaintiff,

v.

MICHAEL AMBROSE, et al.,

    Defendants.

_____/

Case No. 13-CV-15042

HON. MARK A. GOLDSMITH

**OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Dkt. 52) SUBJECT TO CONDITIONS**

## I. INTRODUCTION

This matter is presently before the Court on Plaintiff's motion for leave to file a second amended complaint (Dkt. 52). The parties have fully briefed the issues, and a hearing was held on February 26, 2015. As explained fully below, the Court grants Plaintiff's motion subject to certain conditions.

## II. BACKGROUND

In this action, Plaintiff alleges that she and Defendant Michael Ambrose had created a partnership to develop and market a web-based electronic medical records program. See Am. Compl. ¶¶ 14, 20 (Dkt. 5). In claiming that Ambrose excluded her from partnership benefits, opportunities, and property, Plaintiff asserts several causes of action: (i) usurpation of a partnership business opportunity; (ii) statutory and common-law conversion; (iii) demand for the winding up of the partnership; (iv) declaratory judgment; (v) breach of a fiduciary duty; and (vi) demand for a formal account. Id. ¶¶ 42-73. Plaintiff now seeks to amend her Complaint, to add

1

a new claim based on quantum meruit. Pl. Br. at 11. The motion was filed on January 6, 2015 — just nine days before the close of discovery, 24 days before the dispositive motion deadline, and over a year after the initial complaint was filed in December 2013.[1]

### III. STANDARD OF DECISION

Unless a party is entitled to amend as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[2] "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

### IV. ANALYSIS

**A. Bad Faith or Dilatory Motive**

Plaintiff argues that there is no evidence of either bad faith or dilatory motive, noting that she has not previously sought leave to amend her complaint. Pl. Br. at 10. Plaintiff also notes that she is not requesting any adjournment of the trial, currently set for August 3, 2015. Pl. Reply at 1 (Dkt. 55). Defendants, on the other hand, argue that Plaintiff's motion was brought in bad faith, because "[t]he only plausible rationale for Plaintiff's delayed motion to amend . . . is to further delay litigation[,] to avoid dispositive motion practice[,] and to force Defendants to incur additional expense and fees[.]" Defs. Resp. at 10-11.

---

[1] Plaintiff amended her complaint as of right just days after filing the initial complaint, in order to clarify the relationship between Defendant Ambrose and Defendant DocNetwork, L.L.C., the entity Ambrose allegedly utilized to deprive Plaintiff of partnership benefits.

[2] Rule 15(a)(1), which allows amendment once as a matter of course, does not apply here, because Plaintiff already amended once as of right and because the limited timeframes allowed for amendment as of right have long expired.

The Court concludes that there is no firm evidence that Plaintiff acted in bad faith or with a dilatory motive in filing her motion to amend her complaint at this stage of the litigation. While the motion to amend comes late in the schedule, it would be mere conjecture to infer bad faith from the mere passage of time. See, e.g., Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F. Supp. 2d 376, 386 (D. Conn. 2008) (seven-month delay did not permit an inference of bad faith or dilatory motive).

### B. Futility

A motion for leave to amend may be denied if the amendment would be futile. The Sixth Circuit has explained the standard for determining futility:

> A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) (internal citation and quotation marks omitted). To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir. 2012) (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.E.2d 929 (2007) (internal quotation marks omitted). "A plaintiff must plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (alteration in original).

Maxwell v. Corr. Med. Servs., Inc., 538 F. App'x 682, 691 (6th Cir. 2013).

Plaintiff argues that the amendment would not be futile because Michigan recognizes the claim of quantum meruit to prevent unjust enrichment. Pl. Br. at 11. In response, Defendants contend that the amendment would be futile, because a plaintiff cannot seek compensation for services based on a quantum meruit claim where an express contract covers the same subject matter. Defs. Resp. at 14, 16. According to Defendants, "[a]ll 'services' or 'benefits' which Plaintiff purports to have rendered to CampDoc were expressly covered by her Employment

3

Agreement, for which she was compensated accordingly." Id. at 15. In reply, Plaintiff asserts that the employment agreement is unenforceable because it is illusory. Pl. Reply at 3. Plaintiff also states that the agreement would not bar a quantum meruit claim for services rendered before the effective date of the agreement, or for services in 2011, a time period when Defendant Ambrose testified Plaintiff was not an employee. Id. at 6-7; Ambrose Dep at 145 (Dkt. 55-4).

In this case, the Court finds that amending Plaintiff's complaint to add a claim of quantum meruit would not be futile. "Michigan law recognizes that under the theory of quantum meruit, a contract may be implied at law to prevent unjust enrichment when one party inequitably receives and retains a benefit from another." KSR Int'l Co. v. Delphi Auto. Sys., LLC, 523 F. App'x 357, 363 (6th Cir. 2013). However, if there is an express contract covering the same subject matter, a contract will not be implied. Id. Importantly, the Michigan Supreme Court has recognized that this rule prohibiting recovery in quantum meruit "presupposes the existence of a valid, enforceable contract." Biagini v. Mocnik, 120 N.W.2d 827, 828 (Mich. 1963) (emphasis added).

The Court acknowledges that there are cases that appear to limit quantum meruit in a breach-of-contract action to those circumstances where a party is claiming that the contract does not "exist." See Llewellyn-Jones v. Metro Property Group, LLC, 22 F. Supp. 3d 760, 794 (E.D. Mich. 2014) (quantum meruit claim only allowed "if there is doubt as to the existence of a contract"). In other words, "[i]f the parties admit that a contract exists, but dispute its terms or effect, an action will not . . . lie for quantum meruit or implied contract." Id. The Llewellyn-Jones court went on to note that allegations of fraudulent misrepresentations, which would render the contract void, did "not render the contract doubtful or nonexistent." Id. This Court must respectfully disagree.

4

The reason underlying the rule prohibiting recovery under quantum meruit where an express contract covers the same subject matter is one of basic fairness: if there is a valid contract between the parties, it is the contract that defines the rights and obligations between the parties.  In such a situation, it would be unfair for a plaintiff to contend that he or she is entitled to utilize some other source of law to define his or her rights.  But if a contract fails to provide the source for one's rights — whether the contract is found not to exist (e.g., a forgery), or just not enforceable (e.g., due to fraud, its illusory nature, or the statute of frauds) — there is no unfairness in allowing a plaintiff to appeal to another source of law to define for his or her rights. See, e.g., Biagini, 120 N.W.2d at 828 (recognizing that recovery in quantum meruit is permitted where an express contract is unenforceable "because of the statute of frauds or some other statute that prevents recovery on the terms of the agreement itself").

The Michigan Court of Appeals recently reiterated this principle in Innovation Ventures, L.L.C. v. Liquid Manufacturing, L.L.C., No. 315519, 2014 WL 5408963 (Mich. Ct. App. Oct. 23, 2014) (per curiam).  In that case, the court of appeals found that the trial court erroneously applied the rule prohibiting recovery in quantum meruit as to certain contracts, because those contracts were unenforceable for lack of consideration. Id. at *10, 14 (holding that, where the parties' contracts were found to be invalid or unenforceable, the "plaintiff's unjust enrichment claims do not fail simply because there were express contracts concerning plaintiff's confidential information"); see also Nichols v. Cox, No. 265603, 2007 WL 1452034, at *3 (Mich. Ct. App. May 17, 2007) (per curiam) (same).  Similarly, in Ordon v. Johnson, 77 N.W.2d 377 (Mich. 1956), the Michigan Supreme Court recognized that a plaintiff could bring a claim of quantum meruit where a contract was void under the statute of frauds, provided the plaintiff fully executed the contract and the other party received consideration and accepted the benefit of the plaintiff's

actions. Id. 383. These cases demonstrate that quantum meruit is an allowable theory where a contract is merely unenforceable; it is not confined to cases where the existence of the contract is in doubt.

In her proposed amended claim, Plaintiff alleges that the employment agreement was illusory and, thus, void and unenforceable. An agreement is illusory when "one party gives as consideration a promise that is so insubstantial as to impose no obligation." Essex Ins. Co. v. Detroit Bulk Storage, No. 11-13277, 2014 WL 3687032, at *11 (E.D. Mich. July 23, 2014). Here, Plaintiff claims that the compensation clause in her employment agreement was "indefinite" and "insubstantial" because the compensation amount was to "be determined" by Defendants, and was "subject to change." Pl. Reply at 4; Employment Agreement at 2 (cm/ecf page) (Dkt. 55-3). According to Plaintiff, the "complete reservation of rights in Defendants regarding compensation[] render[s] the agreement illusory." Pl. Reply at 4. In light of Plaintiff's allegations concerning the illusory nature of the employment agreement, which, if taken as true, would render the agreement void and unenforceable, the Court finds that Plaintiff has sufficiently stated a plausible claim for relief under the theory of quantum meruit.

Furthermore, Plaintiff has alleged facts that she provided services to Defendants during time periods for which the agreement was not in effect. Pl. Reply at 4-6. Because there is no allegation that an express contract covering the same subject matter was in effect during these time periods, the Court finds that Plaintiff has stated a plausible claim for relief under a theory of quantum meruit.

Therefore, the Court concludes that Plaintiff's amendment would not be futile.

**C. Undue Delay and Prejudice**

If a party opposes a motion to amend on the grounds of undue delay, the party opposing the motion to amend must make a significant showing not only of delay, but also of prejudice. Prater v. Ohio Educ. Ass'n, 505 F.3d 437, 445 (6th Cir. 2007). And although delay itself is insufficient to deny leave to amend, a plaintiff seeking to amend his or her complaint at a late stage of litigation bears an increased burden to justify his or her failure to move earlier. Wade v. Knoxville, 259 F.3d 452, 459 (6th Cir. 2001). As one court in this District noted, "[c]ourts are especially inclined to deny a motion brought under Rule 15 if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." Hoving v. Lawyers Title Ins. Co., 256 F.R.D. 555, 572 (E.D. Mich. 2009) (quotation marks omitted).

Plaintiff contends that Defendants will not be prejudiced by allowing her to amend her complaint, because "both sides know and understand the work Plaintiff performed, they simply attribute different motivations to her doing so." Pl. Br. at 11. Defendants, on the other hand, claim that Plaintiff's 12-month delay will be substantially prejudicial, because Defendants would be required to issue new discovery requests, depose Plaintiff for a second time, and redraft a dispositive motion and brief, all of which will cause Defendants to incur additional attorney fees and expenses. Defs. Resp. at 13-14.

Although there is no evidence of bad faith or dilatory motive, the Court finds that Plaintiff has failed to put forth any justification for the 12-month delay in filing her motion to amend her complaint. See Minor v. Northville Pub. Sch., 605 F. Supp. 1185, 1202 (E.D. Mich. 1985) ("At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive."). The Court also finds that allowing Plaintiff to amend her complaint at this late stage

in the litigation would prejudice Defendants to some extent due to the additional costs associated with further discovery requests, taking additional depositions, and redrafting and filing a new dispositive motion.

However, the prejudice is relatively confined in this case. The quantum meruit claim is closely related to the breach of contract claim. The additional discovery that would be required is determinable from essentially one source — Plaintiff herself. A new summary judgment motion would cover much of the same ground as the original one did. And any prejudice to Defendants can be cured by requiring Plaintiff to compensate Defendants for the additional expenses incurred by reason of the late filing. See, e.g., Ruschel v. Nesle Holdings, Inc., 89 F. App'x 518, 521 (6th Cir. 2004) ("To avoid prejudice to the opposing party, courts are permitted to balance opposing parties' interests by imposing conditions on the applicant's leave to amend. Requiring the applicant to pay attorneys' fees, discovery costs, and costs of preparing responsive pleadings rendered moot by the amendment are conditions district courts may impose to mitigate the prejudice caused to the opposing party by the amendment." (citation omitted)). Finally, given that the trial date is still over three months away, the Court is confident that this case can be tried on the date originally set, if a trial is necessary.

As a result of the late filing, Defendants must take Plaintiff's deposition for a second time. Such an endeavor will require preparing anew for the deposition by re-reading the previously taken deposition, as well as reviewing other materials. Taking into account counsel's statements at the motion hearing regarding additional time he would have to devote to a second deposition of Plaintiff, the Court finds that the amount of time required for preparation and taking of Plaintiff's deposition due to the late filing of the motion would be five hours.

In addition, Defendants would have to file a new summary judgment motion, incorporating the material covered at Plaintiff's second deposition. There would be lost efficiencies in preparing a new motion because counsel must review and edit a new document and harmonize it with the older document. The Court finds that these lost efficiencies amount to five additional hours of counsel's time. Given Defendants' counsel's standard hourly rate of $325.00, the additional cost attributable to the delay in filing is $3,250.00.

Plaintiff's counsel informed the Court during oral argument that his client may not want to file an amended complaint if a monetary condition was imposed. Therefore, the Court will allow an amendment, provided it is filed no later than April 21, 2015, and provided that Plaintiff simultaneously pays Defendants' counsel $3,250.00. Failure to comply with both of these conditions will bar the filing of an amended complaint. The Court will also accelerate the limited discovery it is allowing to assure that the current date for the trial can be safeguarded.

## V. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion to amend her complaint (Dkt. 52), conditioned on Plaintiff filing the amended complaint on or before April 21, 2015, and Plaintiff simultaneously paying Defendants' counsel $3,250.00.

If Plaintiff complies with these conditions, the Court will deny Defendants' pending motion for summary judgment (Dkt. 59) without prejudice. Discovery — for Defendants only — will be extended to May 18, 2015. Defendants may serve document requests and/or interrogatories no later than April 28, 2015. Plaintiff must respond and produce all discoverable, non-privileged documents no later than May 8, 2015. If Plaintiff objects to the production of any documents, she must file an emergency motion for a protective order no later than May 5, 2015; Defendants shall respond to the motion no later than May 8, 2015. The Court will hear any such

motion on May 11, 2015 at 1:30 p.m. Plaintiff shall present herself for deposition no later than May 18, 2015. Defendants may file a renewed motion for summary judgment no later than June 1, 2015. Plaintiff's response is due no later than June 15, 2015. Any reply is due by June 22, 2015.

If Plaintiff does not comply with the Court's conditions, the current motion for summary judgment will remain pending, and will be heard on May 28, 2015.

SO ORDERED.


Dated: April 16, 2015         s/Mark A. Goldsmith
       Detroit, Michigan      MARK A. GOLDSMITH
                              United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2015.

                              s/Johnetta M. Curry-Williams
                              Case Manager